Thomas W. Pierce *vs.* George P. Bryant & another.

One who has not strictly complied with the requisitions of the statutes respecting limited partnerships cannot claim exemption, as a special partner, from liability for the debts of the firm of which he is a member.

The provision of Gen. Sts. *c.* 55, § 2, requiring an actual cash payment, as capital, to be made by one who enters a firm as a special partner, in order to exonerate him from liability for the debts of the firm, is not complied with by the delivery to the firm of promissory notes, which are received and treated as cash.

The actual cash payment, as capital, required by Gen. Sts. *c.* 55, § 2, of one who enters a firm as special partner must be made prior to the publication of the certificate of the formation of the firm.

In order to charge as a general partner one who has entered a firm as a special partner, without complying with the requisitions of the statutes respecting limited partnerships, it is not necessary for the creditor to prove that he has sustained any special loss by reason of such want of compliance, or that the party sought to be charged has been guilty of bad faith.

Contract to recover of the defendants as partners the amount due on an account annexed.

At the hearing in this court, it appeared that on the 16th of February 1860, articles for the formation of a limited partnership were entered into by the defendants, by which it was agreed that Bryant should be the general partner, and Henry Goulding a special partner, and that Goulding had put into the firm the sum of $5000, and on that day a certificate was signed, acknowledged by them and recorded, reciting that Goulding had "contributed to the common stock an actual cash payment, as capital, of the sum of five thousand dollars." This certificate was duly published. Goulding contributed the amount of $5000 towards the capital of the firm as follows : On the 24th of February 1860, he paid in $2000 in cash, and delivered to Bryant a promissory note for $1000, signed by George Staples, dated

January 1, 1860, payable on demand with interest to Betsey A. Clark or order, and not indorsed by her.   He also delivered to Bryant two notes, signed by himself, for $1030 each, payable to Bryant or order six months after date.   The firm commenced business on the 17th of February 1860.   On the 27th of February 1860, the two notes of Goulding were indorsed by Bryant, and delivered to creditors of the firm, by whom they were received as cash in part payment for their claims.   The note of Staples was paid by him to the firm on the 2d of April 1860. Both Staples and Goulding were possessed of large property.

Upon these facts, *Merrick*, J. reserved the question whether Goulding was liable as a general partner for the determination of the whole court.

*F. H. Dewey*, for the plaintiff, cited *Leighty* v. *Susquehanna and Waterford Turnpike Co.* 14 S. & R. 434 ; *Foquet* v. *Hoadley*, 3 Conn. 534 ; *Andrews* v. *Schott*, 10 Barr, 47 ; *Madison County Bank* v. *Gould*, 5 Hill, (N. Y.) 309 ; *Smith* v. *Argall*, 6 Hill, (N. Y.) 479 ; S. C. 3 Denio, 435 ; Colly. Part. §§ 100–104.

*D. Foster & T. L. Nelson*, for the defendant Goulding.

BIGELOW, C. J.   If we adopt the most liberal rule of interpretation, in construing the statute regulating the formation of special partnerships, Gen. Sts. *c.* 55, we cannot, without violating its plain and explicit language, hold that the defendant Goulding is exempt from liability as a general partner for the debts of the firm.   There was no substantial compliance by him with one of the essential requisitions of the statute.   At the time the copartnership was formed, and for a long time thereafter, he did not contribute to the common stock the specified sums, which he stipulated to furnish, in actual cash payment as capital. In this particular, the certificate which he signed and acknowledged and caused to be recorded in the registry of deeds contained a false statement.   It certainly requires no argument to prove that the promissory notes of the supposed special partner, payable on time to the general partner, and which, when negotiated, constituted a debt for which both members of the firm were liable, was in no legitimate sense a contribution of money to the common stock.   Such a procedure was a clear violation

Pierce *v.* Bryant & another.

of the letter and spirit of the statute. It created no fund or capital to which persons dealing with the firm might look for the payment of their debts, but substituted in its place a debt for which each copartner was severally liable. Nor can the note of a third person, not indorsed by the payee, and of which Goulding and the copartnership were only equitable owners, be regarded as equivalent to money. A note is an agreement to pay money. It cannot be treated as cash. It is quite immaterial that it does not appear that credit was given to the firm by the plaintiffs, or by other creditors, in consequence of the supposed payment by the alleged special partner of his proportion of the capital, and that it is not shown that loss or injury has been sustained by any one in consequence of the failure to comply with the requisitions of law. Such evidence, from the very nature of the case, it would be very difficult to obtain. It was not intended by the provisions of the law that any such burden of proof should be thrown upon creditors. In the place of an inquiry into any such doubtful and speculative questions, the statute substitutes the plain, unequivocal and explicit provision, that if a false statement is made in the certificate, all the persons interested in the copartnership shall be liable as general partners. For the same reason, it is unnecessary to show any *mala fides* in making the certificate. Parties are bound to know the truth, and they cannot be permitted to say that they acted in good faith, in certifying to that which was in fact false.

It is a mistake to suppose that, in adopting from the civil law the principle of a special or limited copartnership, the legislature intended also to ingraft on the stock of the common law all the rules of construction which are applied to such a contract in those countries where it forms a part of the regular system of public laws. To have done so would have been to make a great inroad on the well settled doctrines of the common law applicable to partnerships, especially on that fundamental rule, that he who enters into a contract by which he is to contribute capital and share in the profits of a firm shall be liable *in solido* for its debts. The intent of the statute is to relax this rule only on certain conditions, and within fixed and prescribed limitations.

If these are not fulfilled, or are disregarded, then the statute applies rigorously the rule of the common law, by subjecting all the members of the firm indiscriminately to the liabilities of general partners.

It was suggested by the counsel for the defendants, that the statute does not require that the money contributed by the special partner should be paid in at the time of making and acknowledging the certificate for registry, and that it is a sufficient compliance with the requirements of the law, if it is paid in after the expiration of the time fixed for publication of the certificate in the newspaper. Whether this be so or not is quite immaterial to the decision of the present case, inasmuch as the capital which the special partner was to furnish was not paid in until long after that period of time had elapsed. But we are satisfied that the terms of the statute do not support the suggestion. The parties are required to certify to that which has been done; not to that which is executory. The payment of the capital in cash by the special partner must precede the publication, otherwise it would be impossible to make a true certificate. And this payment must be followed by the required publication; otherwise the special partnership will not be formed, but the parties will become general partners. This construction can work no hardship, because it is easy for the special partner to see that all the statutory provisions are complied with.

*Judgment for the plaintiff.*